THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZACKARIAH JEREMIAH BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY JAIL HEALTH SERVICES DEPARTMENT, et. al.,<br><br>Defendants. | CASE NO. C12-1931-JCC-JPD<br><br>ORDER DENYING PLAINTFF'S MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on the order of the Honorable James P. Donohue, U.S. Magistrate Judge, denying Plaintiff Zackariah Bennett's motion for appointment of counsel (Dkt. No. 25) and Bennett's objections to that order and request that this Court review his motion *de novo* (Dkt. No. 27). Having thoroughly considered Bennett's motion and objections, and the relevant record, the Court hereby AFFIRMS the Magistrate Judge's denial of Bennett's motion for the reasons explained herein.

Bennett, a prisoner incarcerated at the King County Correctional Facility, proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 lawsuit against the King County Jail Health Services Department ("JHS") and its supervisor, Richard Pennington. (Dkt. No. 5.) Bennett alleges that Defendants, in denying him pain medications and specialist care, have exhibited "deliberate indifference" to his "considerable" abdominal and back pain in violation of the Eighth Amendment. (Dkt. No. 8 at 1.)

1    In January, Bennett filed a motion to enjoin Defendants from denying him "proper
2 medication." (Dkt. No. 10.) The Magistrate Judge issued a report recommending that the Court
3 deny the motion because Bennett failed to demonstrate (1) a likelihood of success on the merits
4 of his claim, (2) a likelihood of irreparable injury absent injunctive relief, (3) that the balance of
5 hardships favored him, and (4) that the requested injunctive relief would advance the public
6 interest. (Dkt. No. 22.) The Court informed Bennett that he had twenty-one days to file
7 objections to the Report and Recommendation. (Dkt. No. 22-1 at 1.) Bennett did not file any
8 objections. This Court adopted the Report and Recommendation and denied Bennett's motion for
9 injunctive relief. (Dkt. No. 26.)

10   Bennett also moved for appointment of counsel. (Dkt. No. 21.) The Magistrate Judge
11 denied the motion (Dkt. No. 25), finding that Bennett had not shown "exceptional
12 circumstances," *i.e.*, a likelihood of success on the merits and an inability to articulate his claims
13 *pro se* in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789
14 F.2d 1328, 1331 (9th Cir. 1986). This Court agrees. The Report and Recommendation on
15 Bennett's motion for a preliminary injunction, which this Court adopted, and to which Bennett
16 did not object, discusses at length why Bennett is unlikely to succeed on the merits of his claim.
17 The Court will not repeat that analysis here. And Bennett's filings in this matter to date show that
18 the legal issues involved are not complex and that Bennett is capable of articulating his claims
19 *pro se*.

20   Bennett complains that he is being transferred to a new facility and that it could take up
21 to two months for him to have regular access to a law library again. Inter-prison transfers are not
22 "exceptional circumstances" entitling prisoners to appointment of counsel. If Bennett needs
23 additional time to respond to a filing by Defendants or otherwise meet a deadline in light of this
24 transfer, he is free to move for an extension of time.
25   Bennett argues that his "'normal functional status' has no bearing on [his] claim of
26 deliberate medical indifference, as it is [his] pain [and] suffering that JHS is being indifferent

to." (Dkt. No. 27 at 2.) But the declaration of Dr. Benjamin Sanders shows that Bennett was denied prescription pain medication not only because he exhibited "normal functional status" but also because "it is clinically inappropriate to prescribe immediately acting opioid pain medication for chronic pain management, especially in the setting of chemical dependency, and [especially where] additional complete blood count and chemistry panel testing [shows] no sign of bleeding or inflammation." (Dkt. No. 17 at 4 ¶ 12.) Bennett complains that Defendants have "ignore[d] [his] multitude of complaints" and that he has not been placed on a pain management regimen. (Dkt. No. 27 at 2–3.) But the latter is precisely what Dr. Sanders discussed with Bennett in June of 2012 (Dkt. No. 17 at 4 ¶ 12 ("we discussed non-medication based approaches to chronic pain management")) and what the clinicians he has seen since have implemented (*id.* at 4–6 ¶¶ 13–15 (discussing how clinicians have prescribed Bennett laxatives and fiber, non-prescription pain medication, and Cymbalta, "an antidepressant which can have some positive effect on chronic pain"), 18 ("[n]on-medication-based therapy was also discussed with him")). The record belies Bennett's claims that Defendants have ignored his complaints of pain. That Defendants subsequently referred Bennett to an outside medical examination at Harborview Medical Center only reinforces the conclusion that they have taken, and continue to take, his complaints seriously. Bennett has not shown a likelihood of success on the merits of his Eighth Amendment deliberate indifference claim.

For the foregoing reasons, the Court DENIES Bennett's motion for appointment of counsel (Dkt. No. 21).

//
//
//
//
//
//

ORDER DENYING PLAINTFF'S MOTION FOR
APPOINTMENT OF COUNSEL
PAGE - 3

1      DATED this 10th day of April 2013.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTFF'S MOTION FOR
APPOINTMENT OF COUNSEL
PAGE - 4