THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZACKARIAH JEREMIAH BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY JAIL HEALTH SERVICES DEPARTMENT, et al.,<br><br>Defendants. | CASE NO. C12-1931-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge, (Dkt. No. 39), and Plaintiff's objections thereto. (Dkt. Nos. 40, 41.) Having thoroughly considered the amended complaint, Defendants' motion for summary judgment, the briefing of both parties, the Report and Recommendation, Plaintiff's objections to the Report and Recommendation, Defendants' response to those objections, and the balance of the record, the Court finds oral argument unnecessary and hereby ADOPTS the Report and Recommendation for the reasons explained herein.

I.   BACKGROUND

The factual and procedural history of this case is described in detail in the Report and Recommendation. (Dkt. No. 39 at 2–9.) The Court will not repeat it here.

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 1

Plaintiff filed his amended 42 U.S.C. § 1983 complaint on December 11, 2012, asserting that Defendants denied him medical care, violating his rights under the Eighth Amendment of the United States Constitution.[1] (Dkt. No. 8.) Defendants moved for summary judgment, (Dkt. No. 29), and Plaintiff responded. (Dkt. No. 37.) In his R&R, Judge Donohue recommends granting Defendant's motion for summary judgment. (Dkt. No. 39 at 22.) Judge Donohue finds that claims against the King County Jail Health Services ("JHS") must be dismissed on summary judgment, because Plaintiff's "difference of opinion" with the JHS medical providers regarding the necessity of prescribing him prescription pain relief is "insufficient to establish deliberate indifference." (Dkt. No. 39 at 16.) Judge Donohue also recommends dismissal of all claims against Richard Pennington, and that Plaintiff should not be granted leave to amend his complaint to include Dr. Ben Sanders as a named defendant. (*Id.* at 19–22.) In his filed objections to the R&R, Plaintiff does not object to Judge Donohue's dismissal of the claims against Richard Pennington or the refusal to grant leave to amend the Complaint to include Dr. Sanders.

## II. ANALYSIS

The Court agrees with Judge Donohue that Plaintiff "has failed to establish a genuine issue of material fact regarding the constitutionality of the medical care provided to him at the King County Jail pursuant to the JHS policies regarding chronic pain management." (Dkt. No. 39 at 15.) "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support" a finding of deliberate indifference. *See Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). "[W]here a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed

---

[1] Given Plaintiff's status as a pre-trial detainee, Judge Donohue correctly found that Plaintiff was actually asserting that his Fourteenth Amendment due process rights were violated, rather than his Eighth Amendment rights, though an identical standard is applied. (*See* Dkt. No. 39 at 12.)

to show deliberate indifference, as a matter of law." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Thus, to satisfy the deliberate indifference standard, the Plaintiff must be able to show "that the course of treatment the doctors chose was medically unacceptable under the circumstances" and they chose the treatment "in conscious disregard of an excessive risk to plaintiff's health." *Id.* Plaintiff's history of substance abuse, when combined with the fact that he did not demonstrate physical symptoms of ulcerative colitis or other disorders requiring additional treatment even when examined by a non-JHS physician, (*see* Dkt. No. 17 at ¶¶ 14–16), demonstrates that there is no genuine issue of material fact about whether it was a medically acceptable choice to deny him prescription opioid pain relief medication even after he reported abdominal and back pain. (*See* Dkt. No. 39 at 18.) Here, Defendants not only gave Plaintiff analgesic relief, but also repeatedly examined him to determine whether he had ulcerative colitis or some other medical condition necessitating additional treatment, ordered repeated laboratory tests, and referred him to an outside expert. (*See* Dkt. No. 17 at ¶¶ 12–18.) Thus, as Judge Donohue notes, "plaintiff received constitutionally adequate medical treatment, in accordance with the professional opinion and judgment of the JHS medical personnel." (*Id.* at 18).

Plaintiff objects to this conclusion. He contends that "th[e] policy" of allowing doctors to deny prescription pain medication under these circumstances is unconstitutional, as it "allows the need for analgesic relief of pain to be determined without pain being factored at all." (Dkt. No. 40 at 1.) However, his assertion is contradicted by the record: JHS makes clear, in its declarations, that it considered Plaintiff's reports of pain in combination with other medical factors in determining whether to prescribe prescription pain relief. (Dkt. No. 17 at ¶¶ 7–18.) Plaintiff has submitted no medical records or other evidence contradicting Defendant's submitted declarations. Moreover, Plaintiff's "difference of opinion with the JHS medical providers is insufficient to establish deliberate indifference." (Dkt. No. 39 at 16 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).) "'It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made.'" (*Id.* (quoting *Youngberg v. Romeo*,

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 3

457 U.S. 307, 321 (1982).) Plaintiff has not demonstrated that there is a genuine issue of material fact regarding whether Defendant JHS made a professionally unacceptable choice.

Plaintiff also argues that Dr. Sanders "repeatedly put [him] as 'normal functional status' with complete disregard to [his] constant complaints of pain, and [his] difficulty functioning." (Dkt. No. 40 at 1.) However, all record evidence demonstrates that Plaintiff was properly designated "normal functional status." Judge Donohue correctly notes that Dr. Sanders has explained the JHS Chronic Pain Management guidelines, described and defined "functional status," and explained that "normal functional status can exist despite the presence of reported pain symptoms." (Dkt. No. 39 at 15–16.) Thus, Plaintiff's repeated reports of pain do not disqualify him as being designated "functional." Plaintiff has presented no evidence that "during his incarceration at King County Jail his chronic back pain or ulcerative colitis resulted in an inability to ambulate or transfer, perform basic activities of daily living, or the presence of any apparent disability," (*id.* at 16), which might have stopped him from being designated "functional." Thus, no evidence has been submitted suggesting that Dr. Sanders made a professionally unacceptable choice.

Plaintiff articulates several additional objections to the R&R, with numerous citations to medical records that were never submitted to the Court for review. (Dkt. No. 40, at 1–2, 4.) In particular, he argues that medical records demonstrate that the declarations submitted by Defendants are untrue or misleading.[2] However, even assuming that the alleged contradictions are material, Plaintiff has not submitted the relevant medical records to the Court, and so the Court cannot consider them. Obviously, the Court is precluded from obtaining the medical records on its own initiative. *See* ABA Model Code of Judicial Conduct R. 2.9(c) ("A judge shall

---

[2] For instance, Plaintiff argues that he was not actually ever "declared as 'normal functional status'" by a non-JHS medical provider, (Dkt. No. 40 at 1), and his hydrocodone prescription would not have expired before he was booked in the King County Jail, both of which, he argues, contradict assertions in Defendants' submitted declarations. (*Id.* at 3, *see also* Dkt. No. 41).

not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed."); Code of Conduct for United States Judges, Canon 3(A)(4) (noting that a judge should avoid *ex parte* communications). Similarly, Plaintiff's claims regarding the presence or absence of methamphetamine in his urine, (Dkt. No. 41 at 2–4), are not supported by the medical records to which Plaintiff refers, as he has not tendered those records to the Court. In any case, in light of Plaintiff's repeated admissions of marijuana use to both Dr. Sanders, (Dkt. No. 17 at ¶ 17), and the Court, (*see, e.g.*, Dkt. No. 40 at 3), Plaintiff's alleged methamphetamine use does not appear to be the sole basis for a finding of chemical dependency.

The Court has considered the remainder of Plaintiff's objections, and finds them meritless. It is clear that Plaintiff is unhappy with the treatment provided by JHS. However, his dissatisfaction does not mean that the treatment provided is medically unacceptable, or that his doctors proceeded in their course of treatment in conscious disregard of his health. *See Jackson*, 90 F.3d at 332. Moreover, Plaintiff has not supported his case by submitting evidence, such as medical records or declarations. Thus, his disputes regarding the veracity and accuracy of the evidence relied on Judge Donohue in drafting the R&R are unsupported by the record. There is no genuine issue of material fact regarding whether Defendants were deliberately indifferent to Plaintiff's medical needs.

For the foregoing reasons, Judge Donohue's Report and Recommendation recommending that Defendant's motion be granted and the case dismissed, (Dkt. No. 39), is ADOPTED IN FULL. Defendant's motion for summary judgment, (Dkt. No. 29), is GRANTED. Plaintiff's objections, (Dkt. Nos. 40, 41), are OVERRULED. This case is DISMISSED WITH PREJUDICE. The Clerk is respectfully directed to close this case, and send a copy of this decision to Judge Donohue.

//

//

DATED this 21st day of October 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 6